In Linder v. State, 94 Tex. Cr. R. 316, 250 S. W. 703, we pointedly held that a notation such as appears in this case was equivalent to a bill of exceptions. See, also, Cunningham v. State, 97 Tex. Cr. R. 624, 262 S. W. 491; Aldridge v. State, 101 Tex. Cr. R. 466, 276 S. W. 256; Solomon v. State, 110 Tex. Cr. R. 122, 7 S.W.(2d) 960. Only by deduction does there arise any inference that this appellant was guilty of the robbery of Correa. His

movements, as testified to by the officers, his actions and those of the other two Mexicans, as testified to by the woman, are but facts from which a jury might conclude he was guilty. Correa's failure to identify him except partially would be another circumstance.

Believing the trial court erred in declining to submit the case upon the law of circumstantial evidence, the judgment is reversed and the cause remanded.

## KING v. STATE.
### No. 17046.

Court of Criminal Appeals of Texas.
Nov. 28, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the state penitentiary for a term of twelve years.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.